Wilde J.
delivered the opinion of the Court.* The plaintiff having failed to recover in an action at law against N. F. Ames, administrator of the goods and estate of Ezra Hyde deceased, now seeks relief in equity against him and the widow and heirs of the deceased.
In delivering the opinion of the Court in the former action, it was suggested by the late chief justice, that a remedy might perhaps be had on a bill in equity. This suggestion was made for the consideration of counsel, and was not intended to intimate an opinion upon a question which had not been discussed nor deliberately considered. I apprehend, however, that there can be little doubt, that a remedy may be had in equity, if it has not been lost by the laches of the plaintiff or her testator.
It has been objected that the heirs are not the legal representatives of the deceased, within the meaning of Si. 1823, c. 140. Undoubtedly heirs generally are not to be so considered. But if the requisite measures had been pursued to render the heirs liable to respond the plaintiff’s demand, then we think they might have been considered as the legal representatives of the deceased, within the true meaning and intention of the statute. But the opinion we have formed on the main question raised by the pleadings, renders it unnecessary for us to decide upon this point.[1]
The defendants plead in bar of the plaintiff’s suit, the proceedings in the court of probate under the statute of 1784. c. 2, for the distribution of insolvent estates ; also the statute of limitations of 1788, c. 66, and the statute in addition thereto, of 1791, c. 28. The question is, whether upon the facts charged *183 in the bill, and those averred in the defendants’ pleas, the plaintiff’s suit is barred by both or either of these statutes.
It has been contended, that these statutes were intended to operate only upon demands against the estates of deceased persons, and that the plaintiff does not claim as creditor, but as the joint owner with the defendants, of property held in trust by them. By the 2d section of St. 1791, c. 28, it is enacted, that all suits against executors or administrators in that capacity, shall be barred, unless the same shall be commenced within four years from the time of their accepting that trust respectively. This limitation is not expressly confined to suits of creditors, but it must be construed in connexion with the statute to which it is an addition ; and in this connexion, there can be no doubt that it was intended to operate only upon suits commenced by creditors. It was so construed by Story J. in the case of Trecothick v. Austin et al. 4 Mason, 29, and the statute does not seem to admit of any other reasonable construction. So the 5th section of St. 1788, c. 66, which gives and limits tire remedy against heirs, provides only for demands against the estates of deceased persons.
We are however of opinion, that upon the facts stated in the bill, the plaintiff has no remedy in equity, excepting for his claims as a creditor, it appearing by the bill that the partnership property was suffered to remain in the hands of Hyde, the active partner, and that after his death, it came into the hands of his administrator and has become so intermingled with the mass of the intestate’s property that it cannot now be distinguished from his own. This arrangement was assented to by the plaintiff’s testator, he relying on the promise of his deceased partner to account with him, and to pay over any balance which might be found due after the payment of the partnership debts. With a full knowledge of the state of the concern, he elected to consider himself as a creditor, and made his claim accordingly before the commissioners, for allowance. If by his own laches his remedy as a creditor has been barred, the plaintiff cannot now be allowed to waive or disannul this arrangement, and trace his share of the partnership property wherever it may be found, even if this were practicable. A part of the partnership property, no doubt, *184 has been sold ; what part, does not appear ; and a part of the property for which the defendants are called upon to account, is real estate, purchased by the intestate in his own name, and it is not averred that there was any declaration of trust in writing, as required by the statute. These are insuperable objections to charging the defendants as trustees in their own right, and therefore it is not necessary to consider the question whether, if they could be so charged, this Court has any jurisdiction in cases of trusts of this description. The law on this point is laid down by Mr. Justice Story, with his usual clearness and accuracy, in the case of Trecothick v. Austin et al. 4 Mason, 29, already cited. “ If,” says the learned judge, “ there is any specific personal property in the hands of a testator, belonging to others, which he holds in trust or otherwise, and it can be clearly distinguished from the testator’s own property, it is not assets in the hands of his executors, but is to be held by the executors as the testator himself held it. But if the testator has money or other property in his hands belonging to others, whether in trust or otherwise, and it has no ear-mark, and is not distinguishable from the mass of his own property, the party must come in as a general creditor, and it falls within the description of assets of the testator.”
.Considering then the plaintiff’s demand in right of her testator, as a demand against the estate of Hyde, the intestate, the question is, whether the matters and things disclosed in the pleas are sufficient to bar this suit.
The general effect and operation of the statutes of limitations upon suits in equity, were fully discussed and deliberately considered in the case of Farnam v. Brooks, 9 Pick. 242. In that case it was decided, that the general statute of limitations operates with us ex vigore suo in equity, as well as at law, excepting in cases of direct trusts, which were never directly subject to an action at common law, these being mere creatures of a court of equity, and not within the view of the legislature when the statute was passed ; but that other trusts, such as trusts resulting from partnerships, and the like, are to be held liable to the operation of the statute. This is substantially in conformity with the decisions in chancery in Eng land, excepting that the courts of equity there do not consider *185 tile statute as binding upon them ex proprio vigore. The general principle is, that where there is a concurrent remedy at law and in equity, the same bar may be pleaded, in whichever jurisdiction the suit may be brought. Kane v. Bloodgood, 7 Johns. Ch. R. 90 ; Robinson v. Hook, 4 Mason, 150 ; Trecothick v. Austin, ibid. 30. Now it is clear that the plaintiff, or her testator, had a remedy at law, notwithstanding the rejection of his claim by the commissioners. He might have given notice at the probate office of his intention to prosecute a suit at law, and according to the principles laid down in Wilby v. Phinney, 15 Mass. R. 116, it is difficult to perceive on what ground such an action could have been successfully defended. Johnson, the testator, was a creditor for the capital advanced, and for his share of the profits, and there was an express promise by Hyde to pay the same, as is charged in the bill. We .think therefore the testator had a remedy at law, if he had seen fit to pursue it. He would not have been entitled to a share in the distribution of the assets to the prejudice of the creditors of the firm ; but after their debts were paid, no further obstacle remained to prevent him from obtaining the fruits of his judgment. And without commencing an action, if he had applied to the judge of probate to open and extend the commission of insolvency after the partnership debts had been paid, there can be little doubt that a remedy might have been had under the commission. But if the plaintiff’s claim was contingent, as has been contended, and could not have been ascertained and enforced against the administrator of Hyde’s estate, it might have been enforced against his heirs, if there had been no laches of the plaintiff and her testator. We have, however, no doubt that an action might have been maintained against the administrator of Hyde, after the rejection of the plaintiff’s claim by the commissioners. We think therefore, that the pleas in bar are sufficient, and that the defendants ought not to be held to answer further to the bill.

Bill dismissed.

 Shaw C. J. did not sit in the cause.

 See, as to the construction of St. 1823, c. 140 (Rev. Stat. c, 81, § 8), Miller v. Lord, ante, 11; Pratt v. Bacon, 10 Pick. 123; Russell v. McLellan, 14 Pick. 63; May v. Parker, 12 Pick. 34.